# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-40052

PEGGY SWEENEY

Plaintiff-Appellant

v.

AETNA U.S. HEALTHCARE

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CV-449

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Peggy Sweeney brought suit in federal district court against Aetna U.S. Health Care (Aetna) after Aetna denied her claim for long term disability benefits pursuant to an ERISA plan. Sweeney and Aetna both moved for summary judgment, and the district court found in favor of Aetna, entering a take-nothing judgment and awarding costs to Aetna. Sweeney appealed to this Court, and the day before briefing was completed, "the Supreme Court enunciated a refined standard for such conflict-of-interest situations under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ERISA." *Sweeney v. Aetna U.S. Healthcare,* 284 F. App'x 207 (5th Cir. 2008) (citing *Metro. Life Ins. Co. v. Glenn*, --- U.S. ----, 128 S. Ct. 2343 (2008)). Thus, this Court remanded the case to allow the district court to consider its analysis in light of *Glenn. Id.* On remand, the district court found that *Glenn* did not affect its initial ruling that affirmed the denial of benefits. Sweeney now appeals.

Sweeney first contends that the district court misapplied the recent Supreme Court's analysis in *Glenn*. In *Glenn*, the Supreme Court explained that when an employer or insurance company has the dual role of determining whether an employee is eligible for benefits and then paying the benefits, a conflict of interest is created. 128 S. Ct. at 2346. The Court also opined that "a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits." *Id.* Further, "the significance of the factor will depend upon the circumstances of the particular case." *Id.* As noted above, this Court remanded the case to allow the district court to review it in light of *Glenn.* On remand, the district court did so and then entered an order once again finding Aetna did not abuse its discretion. In its order, the district court thoroughly discussed *Glenn* and applied its analysis to the facts of Sweeney's case.

Nonetheless, Sweeney contends that the district court erred in not giving more weight to the conflict of interest demonstrated by Aetna's actions. Sweeney asserts that the evidence shows that Aetna "cherry picked" evidence, took inconsistent positions, and failed to provide all the information to the physician it hired to review Sweeney's medical evidence. As the Supreme Court made clear in *Glenn*, even when there is a higher likelihood that the insurer's conflict affected its decision to deny the claim, the standard of review does not become de novo. *Glenn*, 128 S.Ct. at 2350–53. The standard of review is still abuse of discretion. As noted below, the record evidence of Sweeney's alleged disability

is not sufficient for us to find that Aetna abused its discretion. More to the point, even if we give more weight to the factor of conflict of interest, we would still find that Aetna did not abuse its discretion in denying the instant disability claim.

Sweeney next contends that the district court erred in granting Aetna's motion for summary judgment. We review de novo the district court's grant of summary judgment in an ERISA case, applying the same standards as the district court. *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 537 (5th Cir. 2007). The district court ruled that Aetna did not abuse its discretion in denying Sweeney's claim. "In applying the abuse of discretion standard, we analyze whether the plan administrator acted arbitrarily or capriciously." *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 601 (5th Cir. 1994) (citation and internal quotation marks omitted). The plan administrator's decision will be upheld if it is supported by substantial evidence. *Corry v. Liberty Life Assur. Co. of Boston*, 499 F.3d 389, 397 (5th Cir. 2007).

Here, the evidence of Sweeney's disability is rather weak. Sweeney contends that she does not have sufficient ability to lift the amount of weight required by her occupation. However, one of her treating physicians found that Sweeney had normal strength and symmetric reflexes. Moreover, Aetna's physician, Dr. Ferrante, conducted an extensive review of Sweeney's medical records and concluded that the evidence did not demonstrate any "true limitations" on Sweeney. Dr. Ferrante did find that the diagnosis of fibromyalgia itself warranted a restriction from heavy work. Thus, Dr. Ferrante found such a restriction would allow sedentary to light work. Dr. Ferrante's report constitutes substantial evidence to support the denial of disability benefits. *See Sweatman,* 39 F.3d at 601–03 (holding that because the insurer's decision was a permissible choice between the opinions of its physician and the employee's physicians, the denial of benefits was not arbitrary and capricious).

3

Accordingly, Sweeney has failed to show that Aetna's decision to deny benefits was arbitrary and capricious.

Finally, Sweeney contends that the district court erred in taxing the costs against her. The applicable ERISA statute provides that "[i]n any action under this subchapter. . . , the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In ERISA cases, this Court reviews an award of costs for abuse of discretion. *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 541 (5th Cir. 2007).

Sweeney contends that the award of costs was improper because (1) there is no presumption that costs are awarded to the prevailing party under § 1132(g)(1), and (2) the district court did not consider the five factors set forth in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).[1] This Court has rejected a very similar challenge to an award of costs under § 1132(g)(1). In *Wade*, the district court awarded costs to the prevailing party but did not cite § 1132(g)(1). 493 F.3d at 541–43. Recognizing that our precedent in this area of law was conflicting, this Court noted that the rule was that the "earliest panel decision controls." *Id.* at 542. We stated that *Salley v. E.I. DuPont de Nemours & Co.,* 966 F.2d 1011, 1017 (5th Cir. 1992), was the "earliest

---

[1] In *Bowen*, this Court stated that:

> In deciding whether to award attorneys' fees to a party under section 502(g), therefore, a court should consider such factors as the following: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

624 F.2d at 1266 (footnote omitted).

panel decision to deal directly with the award of *costs* under ERISA." *Id.* (emphasis added). We found that prior to *Salley,* "it was an open question whether the 'prevailing party' test, instead of the *Bowen* factors test, could be adopted for awards of costs and attorney's fees under ERISA." *Id.* at 543. Thus, our reading of the precedent was that *Salley* established that the "prevailing party" test applied to the award of costs for purposes of ERISA's fee-shifting provision. *Id.* We therefore found that the district court did not abuse its discretion in awarding costs to the prevailing party. *Id.*

Here, as in *Wade*, the district court did not cite § 1132(g)(1) or expressly consider the *Bowen* factors. Nonetheless, in view of our holding in *Wade,* the district court did not abuse its discretion in awarding costs to the prevailing party, Aetna.

For the above reasons, the district court's judgment is AFFIRMED.